# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4385

_____

United States of America,

        Appellee,

v.

Omar R. De Lao Oliveros,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: November 2, 2006
Filed: November 27, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Omar R. De Lao Oliveros (Oliveros) challenges the sentence imposed by the district court[1] after he pled guilty to one count of possession with intent to distribute 500 grams or more of a methamphetamine mixture and 500 grams or more of a cocaine mixture, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred at sentencing by denying his request for a mitigating-role reduction.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

In his written plea agreement, Oliveros agreed "not to appeal any issues with respect to this case." We enforce this appeal waiver, because no miscarriage of justice would result: the district court properly questioned Oliveros who indicated his plea was voluntary and knowing, Oliveros understood the plea agreement and the waiver, and Oliveros's sentence is consistent with the plea agreement. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (courts should enforce appeal waivers and dismiss appeals where the appeal falls within scope of waiver, both the plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district courts can ensure plea agreements and appeal waivers are knowing and voluntary is to question defendant properly about his decision to enter into the plea agreement and to waive his right to appeal).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____